IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 4:01-cr-00046-SPM-AK

CHRISTOPHER PATRICK GILYARD,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 61, Motion to Vacate under 28 U.S.C. § 2255, by

Christopher Patrick Gilyard.  The Government has filed its response.  Doc. 66.  Defendant did

not file a reply, and thus, the motion is in a posture for decision.  Having carefully considered the

matter, the Court recommends that the motion to vacate be denied.

## BACKGROUND

Defendant Gilyard was charged in a five-count indictment with (1) conspiracy to

distribute and to possess with intent to distribute more than 50 grams of crack cocaine and more

than 5 kilograms of cocaine, (2) three counts of distribution of cocaine, and (3) possession with

intent to distribute cocaine.  Doc. 1.  By Information and Notice of Intent, the Government

alerted Defendant to its intention to seek all applicable enhanced penalties.  Doc. 17.  On

October 9, 2001, Defendant appeared before the magistrate judge for a change of plea.  In the

plea agreement, Defendant agreed to plead guilty to the conspiracy count and to

> cooperate fully and truthfully with the United States Attorney and his designated
> representatives and with agencies identified by the United States Attorney.  Such
> cooperation shall include but is not limited to complete and truthful debriefings
> and testimony at grand jury, trial, and as otherwise requested, involving any
> matter under investigation.

Doc. 15 at 1 & 3.  In turn, the "United States Attorney agrees to make known his opinion as to the nature and extent of the defendant's cooperation."  *Id*. at 4.  Furthermore,

> If, in the sole discretion of the United States Attorney, [Defendant] is deemed to have provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, if [Defendant] has otherwise complied with all terms of this agreement, and if this assistance is prior to sentencing or within the time provided by Rule 35, Federal Rules of Criminal Procedure, then the United States Attorney will file a substantial assistance motion.  Should such a motion be filed, the United States Attorney may [choose] to file a motion under 18 U.S.C. § 3553(e)...or under Sentencing Guidelines § 5K1.1...or under both provisions, as the United States Attorney may [choose] in his absolute discretion. Determination whether the defendant has provided substantial assistance will not depend upon charges being filed or convictions being obtained as a result of defendant's cooperation.  Should a motion be filed, the granting of relief and the extent of relief is left solely to the discretion of the District Court.

*Id*. at 5-6.

At the plea hearing, the magistrate judge pointedly questioned Defendant on these provisions:

| | |
|---|---|
| THE COURT: | Now in the plea agreement it states that you agree to cooperate fully and truthfully, and that cooperation is not–will include but is not limited to complete and truthful debriefings, testimony before a grand jury and trial, and as otherwise requested, involving any matter under investigation.  Do you understand that this is what you've agreed to do? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Is to truthfully give evidence to the government about things that you may know. |
| THE DEFENDANT: | Yes, sir. |

* * *

| | |
|---|---|
| THE COURT: | Are you counting on the government filing...a 5K1.1 motion in this case? |
| MR. BOOTHE: | We're hoping for a 5K1, or a Rule 35....We haven't been |

promised one.

THE COURT:              Let me talk about that with you, because typically this is
                        the thing that is the reason for you entering the guilty plea.
                        It's not the only one, but it's one of them, and a major one.
                        Are you hoping that the government will file what they call
                        a substantial assistance motion before sentencing?  Are you
                        hoping that your cooperation will bear fruit?

THE DEFENDANT: Yes.

THE COURT:              Do you understand by bear fruit what I'm talking about?

THE DEFENDANT: Yes.

THE COURT:              Tell me in your own words what you're hoping for.

THE DEFENDANT: That someone else come in that I done told about.

THE COURT:              You're hoping that someone else will come in that you told
                        about?

THE DEFENDANT: Based on the information that I gave the authorities to
                        make an arrest on a person.

THE COURT:              Okay, well let me talk to you about that.  Are you
                        providing information to the government?

THE DEFENDANT: Yes, sir.

THE COURT:              Or have you done so already?

THE DEFENDANT: Yes, sir.

THE COURT:              And you're hoping that the government will use that to
                        convict somebody else?

THE DEFENDANT: Yes, sir.

THE COURT:              Is that right?

THE DEFENDANT: Yes, sir.
THE COURT:              And then what would happen?  What's the government
                        going to do for you if that happens?

THE DEFENDANT: I guess--

THE COURT:         What are you hoping that they will give you?

THE DEFENDANT: A 5K1 or Rule 35.

THE COURT:         What's a 5K1?   What do you think it is, just in your own words?

THE DEFENDANT: It reduces your time.

THE COURT:         It reduces your time.

THE DEFENDANT: Yes, sir.  It can reduce your time.

THE COURT:         Let me explain to you what a 5K1 is.  This is a motion that the government can file before sentencing.  If they file it, it allows Judge Mickle to sentence you below the statutory minimum of 20 years.  He can give you a sentence less than 20 years.

THE DEFENDANT: Yes, sir.

THE COURT:         And he can also give you a sentence less than the bottom of the guideline.

THE DEFENDANT: Yes, sir.

THE COURT:         So wherever the bottom of the guideline is–and we already know where the 20 years is–he could give you a sentence that's less than you would be–he would be required to give you if it weren't filed.  You understand that?

THE DEFENDANT: Yes, sir.

THE COURT:         Do you understand that he doesn't have to?  If the motion is filed, he doesn't have to do that.  If he decides that it's not–considering everything that he wants to sentence within the guidelines, he still may do so.

THE DEFENDANT: Yes, sir.

THE COURT:         And that you don't have any remedy if he does that.  You

understand?

THE DEFENDANT:   Yes, sir.

MR. BOOTHE:   If I might, Your Honor.  Could I just have a second?  We discussed this.  I want to try to put it in the terms that we used.

THE COURT:   Okay.

* * *

THE DEFENDANT:   Tell the Judge in those terms what we talked about.

THE COURT:   You're going to tell me what–go ahead tell me what you've been talking to your counsel about.

THE DEFENDANT:   The U.S. Attorney would have to write something to the judge and it's up to the judge whether he reduce it or stay along with it–whichever–it's up to the judge once the U.S. Attorney write–

THE COURT:   Writes what she or he writes?

THE DEFENDANT:   Writes to the judge.

THE COURT:   So in other words you do understand that it's up to the judge at that point?

THE DEFENDANT:   Yes, sir.

THE COURT:   And if he sentences you to something that is higher than you expected, that you're still bound by your plea agreement and you can't withdraw it.  Do you understand?

THE DEFENDANT:   Yes, sir.

THE COURT:   Do you understand that he's not bound to do anything, even though the government writes something to the judge?

THE DEFENDANT:   Yes, sir.

THE COURT:   Now, do you understand that the government makes the decision to write something to the judge on their own?

THE DEFENDANT: Yes, sir.

THE COURT:        Do you understand that you can't force them to do that?

THE DEFENDANT: Yes, sir.

THE COURT:        So do you understand that–you may cooperate and you may provide information, but the government may say, well, we don't think it's substantial, and they may not file a motion. You understand?

THE DEFENDANT: Yes, sir.

THE COURT:        And do you understand that if that happens, then you can't force them to and Judge Mickle can't force them to either?

THE DEFENDANT: Yes, sir.

THE COURT:        You understand?

THE DEFENDANT: Yes, sir.

THE COURT:        The words in the agreement are that it's their sole discretion.  That means it's their call.  They get to call it, and when they've called it, nobody can do anything about it.  Understand?

THE DEFENDANT: Yes, sir.

THE COURT:        So that puts you in a hard place with regard to remedies if they don't file the 5K1 motion.  Do you understand?

THE DEFENDANT: Yes, sir.

THE COURT:        Knowing that, do you still wish to plead guilty and attempt to cooperate?

THE DEFENDANT: Yes, sir.

THE COURT:        Are you sure?

THE DEFENDANT: Yes, sir.

Doc. 50 at 24-30.

The magistrate judge then queried counsel regarding whether any promises had been made to Defendant which were not in the plea agreement. *Id*. at 33. Both the attorney for Defendant and for the Government answered in the negative. *Id*.

The magistrate judge recommended that the guilty plea be accepted, *id*. at 33-34; Doc. 16, and the Court subsequently accepted the plea agreement and the change of plea. Docs. 18 & 19. At sentencing, the Court recognized Defendant's "timely...significant, and useful" cooperation, Doc. 44 at 57, and sentenced him to 360 months imprisonment, a "departure from the applicable guideline range set forth in the presentence investigation report." *Id*.; *see also* Docs. 31 & 32.

Defendant immediately appealed. Doc. 33. On appeal, Defendant argued "that the district court erred in assessing a leadership-role enhancement because the government failed to prove he was a manager or leader in the conspiracy." Doc. 60 at 2. He also contended that "it was plain error for the district court to sentence him for distributing 7.2 kilograms of crack cocaine because the conversion of powder cocaine into crack cocaine was not foreseeable by him, and was outside the scope of the criminal activity in which he had agreed to participate." *Id*. Finding no reversible error, the court of appeals affirmed. *Id*. at 11.

The instant § 2255 ensued. On this occasion, Defendant raises three claims related to the Government's failure to file a motion based on substantial assistance. In the first ground, "Denial of Good Faith from Government," Defendant maintains that he "cooperated...in the investigation of United States v. Gerald Cineus in 2001...after his indictment." Doc. 61 at 5. According to Defendant, he was "promised a downward departure for his assistance under Rule

35," and that the Government acted in "Bad Faith" when it "refuse[d] to move for a departurne

because he...was not use[d] at trial." *Id*. In the second ground for relief, "Unconstitutional

Breach of Plea Agreement by Government," Petitioner claims that he is entitled to "specific

performance of [the] Plea Agreement" since he "completed his obligations under

[the]...Agreement...requiring his cooperation and who irretrievably subjected himself to great

danger...." *Id*. Finally, Defendant contends that he has been denied his "Due Process Right of

Reasonable Understanding." *Id*. In this ground, Defendant charges: "It was a denial of due

process right to assure [him] that he would receive a certain process and then to renege on that

promise or merely pay it lip services." *Id*. According to Defendant, he

> reasonably understood that the terms of the Plea Agreement was that his
> testimony be complete, truthful and that he fully cooperates in the investigation or
> prosecution of others. [Defendant] was never told nor is it stipulated with the Plea
> Agreement...that he must be used to take the stand under oath as witness...in order
> for him to receive credit (downward departure), for any part of his cooperation
> with the government. [Defendant] has given the government substantial
> information on other individual in which he knows is/or were involved with drugs
> and/or other illegal acts.

*Id*. at 5-6.

In response, the Government maintains that "the plea agreement expressly committed the

determination whether defendant had provided substantial assistance to the discretion of the

United States Attorney and...defendant failed to make a substantial showing that the

government's decision not to file a substantial assistance motion was based upon an

unconstitutional motive." Doc. 66. While it acknowledges "its obligations under the plea

agreement," the Government denies "that defendant's assistance has been 'substantial,' so as to

trigger the obligation in this case." *Id*. As to Defendant's allegations regarding the *Cineus* case,

the Government "agrees that Gilyard was interviewed as a prospective witness...." *Id*. However,

the decision whether to use Defendant as a witness was left to the prosecuting attorney, who "determined that Gilyard would not assist her prosecution...." *Id.* According to the Government, the prosecuting attorney acted "prudent[ly]" in determining not to use Defendant "given the strength of the government's case and the methods by which Gilyard could be impeached." *Id*.

## DISCUSSION

Neither this Court nor the Government disputes that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). However, *Santobello* provides Defendant with no relief, his arguments being based on several flawed premises. First, regardless of how much assistance Petitioner believes he may have provided, the Government was never "obligated" by the plea agreement to file a substantial assistance motion. The plea agreement which Petitioner knowingly and voluntarily entered into and which the magistrate judge meticulously reviewed is clear that both the decision regarding whether Petitioner had provided substantial assistance and the decision whether to file a substantial assistance motion lay solely within the discretion of the United States Attorney for the Northern District of Florida. Absent a substantial showing that the Government has improperly exercised its prosecutorial discretion for a reason which is either unconstitutional or not rationally related to a legitimate governmental end, the Court cannot question that discretion. *Wade v. United States*, 504 U.S. 181, 185-186 (1992); *United States v. Forney*, 9 F.3d 1492, 1502-03 (11th Cir. 1993).

Second, it is plainly insufficient for a defendant crying foul regarding a substantial assistance motion merely to make a generalized allegation of improper motive on the part of the Government.  *Wade*, 504 U.S. at 186.  Though Petitioner assigns "Bad Faith" to the Government for failing to move for the downward departure despite the fact (1) that he gave the Government "information regarding the criminal history of Gerald Cineus" which "proved helpful" and (2) that he was willing and available to testify at the *Cineus* trial, he does not explain how the Government's decision not to use him as a witness was improper.  He does not divulge the information he gave the Government which it could not or did not get from another source.  Furthermore, he does not explain how the prosecutor's decision not to use him as a witness was not a legitimate use of her prosecutorial discretion when she had more than sufficient evidence to secure Cineus' conviction without using a clearly impeachable witness.

Third, the law is well established that a "guilty plea means something.   It is not an invitation to a continuing litigation dialogue between a criminal defendant and the court." *Murray v. United States*, 145 F.3d 1249,  1254 (11th Cir. 1998).  In fact,

> the representations of the defendant, his lawyer, and the prosecutor at...a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*,  431 U.S. 63, 73-74 (1977).

Instant Defendant was placed under oath and repeatedly advised the magistrate judge that he understood the pertinent portions of the plea agreement regarding a substantial assistance motion.  For him now to tell this Court that his "right of reasonable understanding" was violated is specious at best.

## CONCLUSION

In short, Defendant has not made a sufficient showing, much less a "substantial showing" that the Government acted improperly in failing to move for a downward departure in his case or that it otherwise violated the plain wording of the plea agreement placing the issue of substantial assistance solely within the discretion of the Government.  He also has not come forward with any evidence to convince this Court that he did not fully understand and appreciate the relevant portions of the plea agreement so as to render his plea without "reasonable understanding."

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to vacate, Doc. 61, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this  20th    day of December, 2005.


s/A. Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**